10-641-pr
Lapierre v. County of Nassau

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of January, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

---

Eugene Lapierre,

*Plaintiff-Appellant*,

v.                                                      No. 10-641-pr

County of Nassau; Thomas Suozzi; Nassau County Correctional Center; Correctional Officer Gross; E. Reilly, Sheriff; Nassau County Medical Center; Jail Medical Unit; John Doe(s), Doctor; Jane Doe, Doctor,

*Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Gerald R. Podlesak, Deputy County Attorney, *for* John Ciampoli, County Attorney of Nassau County, Mineola, NY. |

1

Appeal from judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Eugene Lapierre ("Lapierre") appeals from the January 12, 2010 order of the District Court dismissing his claims, brought pursuant to 42 U.S.C. § 1983, that defendants-appellees the County of Nassau, Nassau County Correctional Center, and various municipal and correctional officers and entities (jointly, the "defendants") acted with deliberate indifference to his medical needs. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review *de novo* a district court's grant of a motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). Nonetheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, --, 129 S. Ct. 1937, 1949-50 (2009).

Briefly, Lapierre was an inmate at the Nassau City Correctional Center when he slipped and fell on a puddle in the shower at approximately 3:00 p.m. on December 11, 2007. As a result of the fall, Lapierre sustained a cut approximately 2 centimeters in diameter over his right eyebrow. Lapierre alleges that the injury resulted in blood loss, "excruciating" pain, delirium, and eventual loss of consciousness. Although Lapierre informed Correctional Officer Gross that he hit his head and needed medical attention, Gross did not report the injury until 9:00 p.m., and Lapierre was not taken to the jail's medical facility until 10:00 p.m., seven hours after the initial injury. At approximately 12:30 a.m. on December 12, 2007, Lapierre was transferred to the Nassau University Medical Center ("NUMC"), where he received a total of 14 stitches.

"There are two elements to a claim of deliberate indifference to a serious medical condition: [The plaintiff] must show that she [or he] had a serious medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (alterations in original) (internal quotation marks omitted). "The standard for deliberate indifference includes a subjective component and an objective component." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Subjectively, the official charged with deliberate indifference must have acted with the requisite state of mind, the "equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Objectively, the deprivation must be "sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (internal quotation marks omitted); *see Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

In this case, the District Court adopted the Report and Recommendation of the Magistrate Judge and dismissed the complaint, holding that Lapierre failed to allege the existence of a "serious medical condition." In so holding, the District Court relied on the documentary evidence offered by Lapierre in opposition to the motion to dismiss. Specifically, the District Court cited the Triage Assessment Sheet, which was completed by NUMC personnel and attached as an exhibit to Lapierre's opposition papers. The Triage Assessment Sheet noted that Lapierre sustained a 2-centimeter laceration over his right eyebrow, but described Lapierre as "ambulatory" with a "steady" gait and "controlled" bleeding. The Triage Assessment Sheet further indicated that Lapierre denied having pain at the time of his treatment and classified the injury as "urgent" rather than "emergent." Based substantially on the documentary evidence, the District Court concluded that Lapierre's injury "was not objectively serious" and that Lapierre had "failed to allege facts sufficient to state a claim for medical indifference."

As a general matter, a district court adjudicating a motion to dismiss pursuant to Rule 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). In addition, a court may consider a document "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). Because Lapierre did not object to the District Court regarding the Magistrate Judge's consideration of the Triage Assessment Sheet, and because, more importantly, Lapierre does not object to the consideration of the Triage Assessment Sheet on appeal (despite the fact that he is currently represented by counsel appointed by this Court), we hold any objection to consideration of the Triage Assessment Sheet waived. *See, e.g.*, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

The Triage Assessment Sheet confirms that Lapierre's laceration was too small to provide notice to Officer Gross that Lapierre was in need of immediate medical attention. *See Hathaway*, 37 F.3d at 66 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") (internal quotation mark omitted). Although Lapierre alleges that after the fall, he was in severe pain, he does not allege that he communicated this information to Officer Gross until hours after the accident. The fact that Lapierre initially related that he was dizzy and needed medical attention is insufficient, standing alone, to convey to Officer Gross that Lapierre's need for medical attention was urgent. *See id.*

## CONCLUSION

We have considered all of Lapierre's claims on appeal and found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court